UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**TAYLOR TARANTO,**<br><br>        **Defendant.** | **Crim. Action No.: 1:23CR229(CJN)** |

**MOTION TO DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT FOR VINDICTIVE PROSECUTION**

Taylor Franklin Taranto, by and through counsel, respectfully moves this Court to dismiss Count One of the Superseding Indictment for vindictive prosecution.

**I.  Background**

On June 29, 2023, Taylor Taranto was arrested and charged by complaint with misdemeanor offenses arising out of his alleged participation in the events at the U.S. Capitol on January 6, 2021. Though he was initially charged with misdemeanor offenses, the government moved for pre-trial detention and detention was ordered under 18 U.S.C. § 3142(f)(2)(A)(risk of flight). The government's detention memo alleged that on June 29, 2023, Mr. Taranto was arrested in a wooded area near Rock Creek Parkway after law enforcement viewed "live stream" videos of Mr. Taranto from inside his van. Law enforcement searched the van pursuant to Mr. Taranto's arrest and allegedly recovered two firearms: one Smith and Wesson M & P Shield

and one Ceska 9mm CZ Scorpion. According to the government, both firearms are registered to Mr. Taranto. The government now alleges that the Ceska 9mm is a "short-barreled rifle" (SBR) as defined by the National Firearms Act (NFA) and that Mr. Taranto failed to register the alleged SBR under the NFA, in violation of 26 U.S.C. § 5861.

On July 12, 2023, Mr. Taranto was indicted on various counts arising from January 6, 2021, and his alleged possession of firearms in his van on June 23, 2023. ECF No. 15 ("First Indictment."). Specifically, the First Indictment charged Mr. Taranto with:

> **Count One:** Carrying a Pistol Without a License in violation of 22 D.C. Code § 4504(a)(1) ("CPWL")
>
> **Count Two:** Possession of a Large Capacity Ammunition Feeding Device in violation of 22 D.C. Code § 2506.01(b)
>
> **Count Three**: Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1)
>
> **Count Four**: Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2)
>
> **Count Five**: Disorderly Conduct in a Capitol Building or Grounds in violation of 40 U.S.C. § 5104(e)(2)(D)
>
> **Count Six**: Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G)

Notably, while the First Indictment charged D.C. Code violations related to the two firearms allegedly recovered from Mr. Taranto's van, ***the First Indictment did not charge failing to register one of the firearms under National Firearms Act (NFA), in violation of 26 U.S.C. § 5861(d)***. As explained below, the government

2

likely declined to charge a violation of 26 U.S.C. § 5861(d) because it had recently announced a stay in enforcing the statute in cases just like Mr. Taranto's, that is, where an individual is alleged to have possessed an SBR.[1]

After the First Indictment was filed, the government offered a plea agreement pursuant to which Mr. Taranto would plead guilty to the four January 6 misdemeanors and one count of D.C. Code violation Carrying a Pistol without a License (CPWL)—Counts One, Three, Four, Five, and Six of the First Indictment—and dismiss the remaining counts. Under the plea agreement, the government would have agreed that the guideline range for the misdemeanors would be 0 to 6 months and the guidelines for the CPWL would be 6 to 24 months.

Mr. Taranto ultimately declined to plead guilty and filed a Motion to Suppress Evidence. ECF No. 28.

After Mr. Taranto declined to plead guilty and while the Motion to Suppress was pending before the Court, the government filed a Superseding Indictment. ECF No. 45 ("Second Indictment."). The Second Indictment was filed on February 14, 2024, eight months after law enforcement recovered firearms from Mr. Taranto's van. The Second Indictment added five additional charges, specifically:

> **Count One**: Possession of a Firearm and failing to register it under the NFA, in violation of 26 U.S.C. § 5861(d).

---

[1] Mr. Taranto has separately moved for discovery to support his claim of selective prosecution based on the government's decision to single him for prosecution under 26 U.S.C. § 5861(d) for his alleged possession of a pistol with an attached brace and has moved to Dismiss Count One on other grounds. *See* Motion to Dismiss Count One for legislative and regulatory history of the government's treatment of pistols with attached braces, or "braced pistols."

3

**Count Two**: Carrying a Pistol without a License, in violation of 22 D.C. Code § 4504(a)(1).

**Count Five**: Possess of ammunition without being the holder of a valid registration for the firearm, in violation of 7 D.C. Code § 2506.01(a)(3).

**Count Six**: False information and hoaxes, in violation of 18 U.S.C. § 1038(a);

**Count Seven**: Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2).

The addition of Count One—the federal firearms count related to Mr. Taranto's alleged failure to register the Ceska 9mm under the NFA—dramatically increases his guidelines on the gun counts if convicted.

The government's addition of the NFA violation count (Count One) is inconsistent with the government's stated policy of declining to prosecute other individuals similarly situated to Mr. Taranto, *i.e.*, individuals who possess otherwise lawful firearms with a stabilizing brace. *See Government's Supplemental Brief, Watterson v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 4:23-CV-00080, ECF No. 58 (E.D. Tex. Feb. 23, 2024) (explaining that it is not enforcing its recent rule classifying braced pistols as SBRs). The Department of Justice has taken this position because whether the presence of a brace renders the firearm subject to the requirements for SBR under the NFA is presently being litigated in federal courts across the country. As of today, the government is enjoined from enforcing its recent rule classifying braced pistols as SBRs by five different courts, in one case nationwide, and the Fifth Circuit has already said that the parties challenging the rule are likely to succeed on the merits.[2]

---

[2] *See Mock v. Garland*, 75 F.4th 563, 576, 586 (5th Cir. 2023); *Mock v. Garland,* No.

4

Assuming that the government's representation that it is declining to prosecute individuals who possess a stabilizing brace under the NFA is true, the government made an exception for Mr. Taranto only after he asserted his constitutional right to a trial. Creating an exception to prosecute Mr. Taranto for an offense the government is declining to prosecute in similar cases raises a likelihood of vindictiveness, which the government cannot rebut with objective evidence.

## II.     Legal Standard

It is well-established that "[t]o punish a person because he has done what the law plainly allows him] to do is a due process violation of the most basic sort . . . and for an agent of the [government] to pursue a course of action whose objective is to penalize a person's reliance on his] legal rights is 'patently unconstitutional.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (internal citations omitted). The "'doctrine [of prosecutorial vindictiveness, therefore,] precludes action by a prosecutor that is designed to penalize a defendant for invoking any legally protected right available to a defendant during a criminal prosecution.'" *See United States v. Meadows*, 867 F.3d 1305, 1312 (D.C. Cir. 2017) (quoting *United States v. Safavian*, 649 F.3d 688, 692 (D.C. Cir. 2011)).

A "defendant may prove prosecutorial vindictiveness by submitting either (i)

---

4:23-CV-00095-O, 2023 WL 6457920, at *18 (N.D. Tex. Oct. 2, 2023); *Colon v. Bureau of Alcohol*, No. 8:23-CV-223-MSS-UAM, 2024 WL 309975, at *22 (M.D. Fla. Jan. 26, 2024); *Texas v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 6:23-CV-00013, 2023 WL 7116844, at *12-13 (S.D. Tex. Oct. 27, 2023); *Britto v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 2:23-CV-019-Z, 2023 WL 7418291, at *5 (N.D. Tex. Nov. 8, 2023); *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 3:23-CV-1471-L, 2024 WL 1349307, at *11 (N.D. Tex. Mar. 29, 2024).

evidence of the prosecutor's actual vindictiveness or (ii) evidence sufficient to establish a realistic likelihood of vindictiveness, thereby raising a presumption the Government must rebut with objective evidence justifying its action." *Id.*

### III. Argument

Mr. Taranto is not claiming evidence of actual vindictiveness by the prosecutor assigned to this case. The timeline of the government's investigation, however, and the reactiveness of the government to Mr. Taranto provide more than a "realistic likelihood of vindictiveness." *Meadows*, 867 F.3d at 1312 (internal citations omitted). As set forth above, the government was aware of the characteristics of the firearms it attributes to Mr. Taranto in July 2023 when it charged Mr. Taranto with the First Indictment. At that time, the government did not charge Mr. Taranto with any federal offenses related to the firearms. In the meantime, the government has taken the position that it would decline to prosecute violations of the NFA in cases involving firearms with stabilizing braces in light of the ongoing litigation. After Mr. Taranto declined to plead guilty and filed a motion to suppress, the government—*in direct contradiction with representations by the government about Department of Justice policy made in federal court*—charged Mr. Taranto with a violation of the NFA for allegedly possessing a firearm with a stabilizing brace.

The "realistic likelihood" of vindictiveness is clear—the government charged Mr. Taranto with an offense that it is declining to prosecute nationwide in precisely the same types of cases, *i.e.* alleged possession of firearms with stabilizing braces. This charge alone more than triples the bottom of Mr. Taranto's guideline range. A

presumption of vindictiveness that the government charged Mr. Taranto with failing to register his firearm under the NFA, in violation of 26 U.S.C. § 5861(d), therefore, exists, and the Court should dismiss Count One of the Superseding Indictment.

## Conclusion

For the foregoing reasons, and any others appearing to the Court, Mr. Taranto's Motion to Dismiss Count One of the Superseding Indictment for vindictive prosecution should be granted.

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
SHELLI PETERSON
COURTNEY MILLIAN
ELIZABETH MULLIN

Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500