**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> **v.** <br><br> **TAYLOR TARANTO,** <br><br> **Defendant.** | **Crim. Action No.: 1:23CR229(CJN)** |

**MOTION TO COMPEL DISCOVERY IN SUPPORT OF MR. TARANTO'S**
**CLAIM OF SELECTIVE PROSECUTION**

After Mr. Taranto exercised his right to a trial and filed a Motion challenging the search of his car and person, the government sought a Superseding (or "Second") Indictment against him charging additional felony counts. One of those counts charges him with failing to register an otherwise lawfully registered firearm with an attached stabilizing brace, which it labels a short-barreled rifle (SBR), under the National Firearms Act, in violation of 26 U.S.C. § 5861(d). *See* Superseding Indictment, Count 1 (charging Mr. Taranto with possession of a "Scorpion CZ short—barreled rifle that is not registered to him under the National Firearms Registration and Transfer Record."). The problem with this charge is that in other *identical* cases nationwide, *i.e.*, cases involving possession of firearms with stabilizing braces, the government has indicated that it is <u>not</u> prosecuting violations of 26 U.S.C. § 5861(d) in light of ongoing litigation described below. This singling out of Mr. Taranto to charge him with an offense that the government is declining to prosecute nationwide is sufficient for the Court to compel specific discovery regarding disparity in its

charging decision in Mr. Taranto's case.

I.   **The government's recent treatment of cases involving alleged possession of firearms with attached stabilizing braces**.

The National Firearms Act ("NFA") of 1934 requires otherwise lawful owners of firearms to register certain types of firearms. 26 U.S.C. § 5845[1]. One such firearm is "a rifle having a barrel or barrels of less than 16 inches in length," commonly referred to as a "short-barreled rifle" ("SBR"). *Id*. Individuals who fail to register their firearms as defined by the NFA can be prosecuted with felony offense, 26 U.S.C. § 5861. For over a decade the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), with some limited and inconsistent exceptions, did not classify pistols with attached stabilizing braces as SBRs. In criminal prosecutions, for example, the ATF said that firearms with a pistol brace are not rifles under the NFA.  Sentencing Hr'g Tr. at 38, *United States v. Kamali*, No. 3:18-cr-00288 (D. Conn. Sept. 30, 2019), ECF No. 110.[2]

---

[1] 26 U.S.C. § 5845 defines the firearms that must be registered under the NFA as: (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) any silencer (as defined in section 921 of title 18, United States Code); and (8) a destructive device. The term "firearm" shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

[2] Mr. Taranto has separately moved to dismiss Count One on other grounds. *See* Motion to Dismiss Count One for legislative and regulatory history of the government's treatment of pistols with attached braces, or "braced pistols."

On January 31, 2023, ATF changed its tune and published a Final Rule classifying pistols with attached braces as SBRs. *See generally* Factoring Criteria for Firearms With Attached "Stabilizing Braces", 88 Fed Reg. 6,478-01, 2023 WL 1102552 (Jan. 31, 2023) ("Final Rule"). Litigation ensued immediately. Within days of the Rule's publication, brace manufacturers, customers, gun rights organization, and several states sued ATF. *See, e.g.*, Complaint, *Mock v. Garland*, No. 4:23-cv-00095-O (N.D. Tex. January 31, 2023), ECF No. 1; Complaint, *Britto v. ATF*, No. 2:23-cv-00019-Z (N.D. Tex. January 31, 2023), ECF No. 1; Complaint, *Colon v. ATF*, No. 8:23-cv-00223 (M.D. Fla. February 2, 2023), ECF No. 1; Complaint, *Firearms Regulatory Accountability Coalition v. Garland*, No. 1:23-cv-00024 (D.N.D. Feb. 9, 2023), ECF No. 1.

By May 23, 2023, the Fifth Circuit had enjoined the government from enforcing the rule against plaintiffs in one such litigation. Order, *Mock v. Garland*, No. 23-10319 (5th Cir. May 23, 2023). As of today, the government is enjoined from enforcing the rule by five different courts. *See Mock v. Garland,* No. 4:23-CV-00095-O, 2023 WL 6457920, at *18 (N.D. Tex. Oct. 2, 2023); *Colon v. Bureau of Alcohol*, No. 8:23-CV-223-MSS-UAM, 2024 WL 309975, at *22 (M.D. Fla. Jan. 26, 2024); *Texas v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 6:23-CV-00013, 2023 WL 7116844, at *12-13 (S.D. Tex. Oct. 27, 2023); *Britto v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 2:23-CV-019-Z, 2023 WL 7418291, at *5 (N.D. Tex. Nov. 8, 2023); *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 3:23-CV-1471-L, 2024 WL 1349307, at *11 (N.D. Tex. Mar. 29, 2024). One of those

injunctions is nationwide. *See Britto v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 2:23-CV-019-Z, 2023 WL 7418291, at *5 (N.D. Tex. Nov. 8, 2023); *see* Government Response to Motion to Stay, *Miller v. Garland,* No. 23-1604 (4th Cir. Dec. 20, 2023) (acknowledging that the rule is stayed nationwide).

Since the nationwide injunction, the government has told courts that it is no longer enforcing this Final Rule treating pistol braces as SBRs. *See* Government's Supplemental Brief, *Watterson v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 4:23-CV-00080, ECF No. 58 (E.D. Tex. Feb. 23, 2024). Indeed, the government has successfully prevented the entry of at least one additional injunction against the Rule on the theory that a plaintiff in possession of a braced pistol cannot demonstrate irreparable harm. *Watterson v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 4:23-CV-00080, 2024 WL 897595, at *19 (E.D. Tex. Mar. 1, 2024). In that case, the plaintiff tried to argue that he still faced a risk of prosecution, but the district court rejected that argument because the ATF said it was not enforcing it and indeed could not do so. *Id.* And so in effect, nationwide, the government is declining to prosecute people alleged to possess firearms with attached braces with violations of the NFA in violation of 26 U.S.C. § 5861(d). Unfortunately for Mr. Taranto, the government singled him out for exception to its policy and charged Mr. Taranto under 26 U.S.C. § 5861(d) for allegedly possessing a pistol with an attached brace. Superseding Indictment, Count 1.

## II.    Legal Standard

While the government has "broad discretion" in "enforc[ing] the Nation's criminal

laws," that discretion is, nevertheless, "subject to constitutional constraints." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (citations omitted). "One of these constraints, imposed by the equal protection component of the Due Process Clause of the Fifth Amendment" is that the government cannot pursue criminal charges against a citizen that amounts to a "'practical denial' of equal protection of the law." *Id*. at 464-45 (citations omitted). Such a pursuit would give rise to a claim of "selective prosecution." *Id*. "The primary way in which discriminatory law enforcement can be exhibited is by use of the prosecutorial prerogative itself to discriminate against those whose constitutionally protected views or activities are not popular with the government (selective prosecution)." *United States v. Banks*, 368 F. Supp. 1245, 1251 (D.S.D. 1973). To show selective prosecution, a defendant must show that (1) the prosecution had a discriminatory effect, and (2) the prosecution was motivated by a discriminatory purpose. *Armstrong*, 517 U.S. at 465.

To establish a discriminatory effect, a defendant must show that "similarly situated" individuals were not prosecuted. *Id*. Being similarly situated requires "some degree of commonality of conduct among the indictable group, such that the defendant challenging his indictment may make a supportable demonstration that those unindicted persons are, in fact, similarly situated, and consequently, there must be an improper motive behind the selected individual's prosecution." *United States v. Blackley*, 986 F. Supp. 616, 619 (D.D.C. 1997).

The defendant may establish discriminatory purpose either with direct evidence of discriminatory intent or with statistical disparities or other indirect evidence

regarding the unequal application of the law. *Branch Ministries, Inc. v. Richardson*, 970 F. Supp. 11, 17 (D.D.C. 1997). In order to proceed to either an evidentiary hearing or the production of discovery, a defendant must establish "'at least a colorable claim'" as to these two prongs. *Id.* at 16.

## III.   Argument

Mr. Taranto is "similarly situated" to individuals who possess legally purchased pistols with attached braces.  Nationwide, the government is declining to charge other individuals with 26 U.S.C. §5861(d) who possess pistols with attached braces due to the ongoing litigation as to whether such pistols qualify as "short-barreled rifles." Counsel understands that since the nationwide injunction, individuals at ATF have been instructing the Department of Justice not to prosecute possessed of braced pistols under the NFA. Yet, in the midst of this litigation and during the time the government has declined to prosecute other cases involving braced pistols for failing to register under the NFA, the government singled Mr. Taranto out for prosecution. This stark disparity is sufficient to compel the government to turn over targeted discovery.

The discriminatory purpose is that the government has treated a vocal conservative who allegedly attended the "Stop the Steal" rally differently than it treats others similarly situated to Mr. Taranto, *i.e.*, the thousands of Americans who possess pistols with attached braces.

Mr. Taranto has made a "colorable claim" that he is the subject of selective prosecution when compared to others who possess pistols with attached braces.

## IV.    Relief Requested

The above factual basis amounts to a "colorable claim" of selective prosecution and Mr. Taranto requests this Court order discovery regarding the disparity in his treatment. Specifically he seeks:

(1) Communication between the Department of Justice ("Main Justice") and the U.S. Attorney's Office for the District of Columbia regarding prosecution of individuals alleged to possess pistols with attached braces;

(2) Communication between the ATF and Main Justice regarding prosecution of individuals alleged to possess pistols with attached braces;

(3) Communication between management at the U.S. Attorney's Office for the District of Columbia regarding the government's prosecution of Mr. Taranto, specifically communications regarding what charges to bring in the First and Superseding Indictments.

## Conclusion

Wherefore the reasons herein and any others that appear to the Court, the Court should grant Mr. Taranto's motion to compel discovery to support his claim of selective prosecution because he has raised a colorable claim of discriminatory effect and purpose by the government's singling him out for prosecution for allegedly possessing a pistol with an attached braced.

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
SHELLI PETERSON
COURTNEY MILLIAN
ELIZABETH MULLIN

Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500