UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**TAYLOR TARANTO,**<br><br>         **Defendant.** | **Crim. Action No.: 1:23CR229(CJN)** |

## OBJECTION TO THE GOVERNMENT'S NOTICE OF INTENT TO ADMIT EVIDENCE

Taylor Taranto, through counsel, respectfully objects to the government's notice of intent to introduce evidence pursuant to Federal Rules of Evidence 401 and 404(b).

The evidence the government seeks to introduce is irrelevant to Mr. Taylor's intent, knowledge, absence of mistake, or lack of accident with respect to any of the charged offenses. Instead, the government's notice makes clear that the evidence it seeks to introduce is pure propensity and therefore inadmissible. *United States v. Sheffield*, 832 F.3d 296, 307 (D.C. Cir. 2016) (*quoting United States v. McGill*, 815 F.3d 846, 878 (D.C. Cir. 2016)). (Rule 404(b) precludes the admission of evidence of other acts to prove the character of a person.)).

Argument

Mr. Taranto is before the Court charged with offenses arising out of the search of his van on July 29, 2023, after which firearms were allegedly recovered from the

van. He is charged with false information and hoaxes based on a June 28, 2023, livestream post he made in which he made comments about a detonator. And he is charged with misdemeanor offenses arising out of his alleged presence at the U.S. Capitol on January 6, 2021.

The government seeks to introduce social media posts Mr. Taranto made on April 23, May 6, May 7, May 13, June 18, and June 29, 2023. The government claims that these posts—made on different days and about different topics—are admissible pursuant to Rule 404(b), which permits the admission of uncharged acts if relevant to prove motive, intent, plan, knowledge, and absence of mistake. Federal R. Ev. 404(b). In the social media posts the government notices, Mr. Taranto makes no reference to the firearms allegedly recovered from his van. He makes no mention of a detonator.  He makes no mention of entering the Capitol on January 6, 2021. The content of the posts, while provocative and political in nature, shed absolutely no light on his "intent" or "absence of mistake" or any of the other limited exceptions enumerated under 404(b). As such, the only purpose of the evidence is to taint Mr. Taranto's character. Therefore, the evidence must be excluded from Mr. Taranto's trial. *See Sheffield*, 832 F.3d at 307 (Rule 404(b) precludes the admission of evidence for the purpose of proving a person's character.).

                    A.J. KRAMER
                    FEDERAL PUBLIC DEFENDER

                    _____/s/_____

SHELLI PETERSON
COURTNEY MILLIAN
ELIZABETH MULLIN

Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500