UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 23-cr-229 (CJN) |
| : | |
| TAYLOR FRANKLIN TARANTO, : | |
| : | |
| Defendant. : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The United States of America respectfully opposes defendant's motion to dismiss certain counts, ECF Nos. 98 and 99. The government filed a motion to dismiss with prejudice Counts Seven, Eight, Nine, Ten, and Eleven of the Superseding Indictment (ECF No. 45), citing the Executive Order dated January 20, 2025, granting pardons for offenses related to the events of January 6, 2021, at the U.S. Capitol. Defendant contends that the remaining, non-January 6 charges should also be dismissed pursuant to the President's Executive Order. These counts are wholly unrelated to the events of January 6, 2021, are not covered by the pardon, and should not be dismissed.

Rule 48(a) allows the government, "with leave of court" to "dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). While the Court must consider whether to grant its leave to dismiss a case or charges, the decision to initiate charges or dismiss charges "lies at the core of the Executive's duty to see to the faithful execution of the laws." *See United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (Rule 48 gives court a role in dismissals following indictment); *Cmty. for Creative Non-Violence v. Pierce*, 786 F.2d 1199, 1201 (D.C. Cir. 1986) (judicial authority is at its most limited when reviewing exercise of prosecutorial discretion). Correspondingly, the "leave of court" requirement in Rule 48(a) does not "confer any substantial role for courts in the determination whether to dismiss charges." *United States v. Fokker Servs.*

*B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016); *see also United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (describing court's "role of guarding against abuse of prosecutorial discretion"). It stands to reason that courts lack the authority to expand the scope of a Rule 48(a) motion to dismiss more charges than the government seeks to dismiss. Indeed, defendant points to no authority for that proposition.

The Presidential Proclamation 10887 dated January 20, 2025: (1) commutes the sentences of certain enumerated individuals convicted of January 6 offenses; (2) grants an unconditional pardon to all other individuals convicted of January 6 offenses and orders their release from custody, if applicable; and (3) directs the Attorney General to pursue dismissal with prejudice of all pending charges against individuals for their conduct related to the January 6 attack on the U.S. Capitol. 90 Fed. Reg. 8331 (Jan. 20, 2025). The government dismissed the charges related to January 6, 2021 pursuant to the Proclamation as an exercise of prosecutorial discretion. As such, the court has "no power . . . to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority." *Fokker*, 818 F.3d at 742. That includes any disagreement about whether "any remaining charges fail adequately to redress the gravity of the defendant's alleged conduct." *Id.* (citing *In re United States*, 345 F.3d 450 (7th Cir. 2003)). Defendants are simply not allowed to substitute the government's charging or dismissal decisions with their views about the case.

Defendant points to the joinder of the offenses in the superseding indictment, and claims that because Taranto's January 6 conduct is so related to his June 2023 charges, all the June 2023 charges fall within the ambit of the January 6 pardon. This argument tries to unsuccessfully subvert the government's charging authority. The pardon covers only "offenses related to events that

occurred at or near the United States Capitol on January 6, 2021." The language of the pardon is limited in scope by time and location.

The fact that the charges are alleged in the same document is not dispositive. Charges may be related enough for the purposes of joinder and judicial economy without requiring an expansive interpretation of the word "related" in the pardon context. Defendant concedes that all the charges are related and does not dispute that they were properly joined under Rule 8(a). *See* Def't Mot. at 7–9 (ECF No. 99). This Circuit construes Rule 8 "liberally in favor of joinder." *United States v. Richardson*, 161 F.3d 728, 733 (D.C. Cir. 1998). Where, as here, "only one defendant is concerned, Rule 8(a) permits joinder of such offenses, even if they are entirely unrelated to each other." *United States v. Gooch*, 665 F.3d 1318, 1335 (D.C. Cir. 2012) (citing *United States v. Jackson*, 562 F.2d 789, 796 (D.C. Cir. 1977)). And the initial joinder is not an immutable plan. To the contrary, "joinder of offenses in an indictment does not represent an irreversible commitment to joint trial of those offenses." *Jackson*, 562 F.2d at 797.

Taranto cites three instances where the government dismissed non-January 6 conduct. Those cases are inapposite to the facts here. For instance, in *United States v. Garret Miller*, No. 21-cr-119 (CJN), the government sought dismissal of January 6 charges, including an interstate threat to injure where that defendant wrote "Assassinate AOC" on Twitter **on January 6, 2021**— close in time to "other public tweets . . . acknowledg[ing] [his] attack on the Capitol." Factual Basis for Guilty Pleas to Counts 4 and 5, No. 21-cr-119, ECF No. 130, pp. 1–2. The *Miller* threats charge was very closely related to that defendant's January 6 conduct in that it occurred on January 6, 2021. Second, in *United States v. Pollock, et al.*, No. 21-cr-447 (CJN), two defendants were charged with failing to appear **in connection with** their January 6 cases. Last, in *United States v.*

*Vo*, No. 25-cr-10 (TSC), that defendant was charged with failure to report to the Bureau of Prisons after sentencing.

Taranto's actions in June 2023 in Washington, D.C., were not offenses occurring at the U.S. Capitol on January 6, 2021. Taranto's possession of guns, large-capacity magazines, and hundreds of rounds of ammunition, alarming statements about a "detonator" in his car, and purportedly driving to a federal facility, all occurring in June 2023, and not at the United States Capitol, are wholly unrelated to the pardon for and dismissal of charges related to January 6, 2021 at the United States Capitol. They are not subject to dismissal by motion of the defendant or by order of the Court on this basis.

For all these reasons, the Court should deny defendant's motion to dismiss.

        Respectfully submitted,

        EDWARD R. MARTIN, JR.
        United States Attorney
        D.C. Bar Number 481866

By: /s/ *Jared English*
     JARED ENGLISH
     Assistant United States Attorney
     D.C. Bar No. 1023926
     United States Attorney's Office
     601 D Street, N.W.
     Washington, D.C. 20530