## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **Case No.  23-cr-00229 (CJN)** |
| **v.** | * | |
| | * | |
| **TAYLOR TARANTO,** | * | |
| **Defendant.** | * | |

********

## MOTION TO SEVER COUNT SIX FROM FIREARM COUNTS

Taylor Taranto, by his undersigned counsel, hereby respectfully moves to sever Count Six from Counts One through Five (the "firearm counts"), pursuant to Rule 8 and Rule 14, FED. R. CRIM. PROC., on the grounds that the charges are not related in any manner defined under Rule 8 and will so prejudice his right to a fair trial that it would result in fundamental unfairness.

### FACTUAL BACKGROUND

1.      Mr.  Taranto is charged in six counts.  Counts 1-5 charge Mr. Taranto with various licensing offenses involving his alleged possession of firearms, ammunition and a feeding device that were allegedly seized on June 29, 2023 from a locked backpack located in Mr. Taranto's van, which was parked in the District of Columbia.  None of these items were on Mr. Taranto's person.

2.      Count One charges Mr.  Taranto with possessing an unregistered short-barreled rifle (SBR) in violation of the National Firearms Act ("NFA"), 26  U.S.C. §§ 5861(f) and 5845(a)(3).  The "short-barreled rifle" is a Scorpion CZ pistol that had an attached stabilizing brace.

3.      Counts Two through Five charge D.C. Code offenses.

4.      Count Two charges Mr. Taranto with carrying a Scorpion CZ pistol without a license, in violation of 22 D.C. Code 4504(a)(1).  This is the same pistol charged in Count One as a violation of the NFA.

5.      Count Three charges a Mr. Taranto with carrying a Smith & Wesson M&P Shield pistol without a license, in violation of 22 D.C. Code § 4504(a)(1).

6.      Count Four charges Mr. Taranto with possession of a large capacity ammunition feeding device in violation of 7 D.C. Code § 2506.01(b).

7.      Count Five charges Mr. Taranto with unlawful possession of 9 mm ammunition in violation 7 DC Code § 2506.01(a)(3).

8.      Count Six charges Mr. Taranto with a violation of 18 U.S.C. § 1038(a) ("False Information and Hoaxes"), alleging that Mr. Taranto "did intentionally convey false and misleading information under circumstances where such information may reasonably have been believed, that indicated that an activity would take place that would constitute a violation of Chapter 40 of Title 18 United States Code (malicious damaging of any building or vehicle, in violation of 18 U.S.C. § 844(f)(l)), specifically, that he would maliciously damage or destroy, or attempt to damage or destroy, by means of an explosive, the National Institute of Standards and Technology." Superseding Indictment (ECF 45) at 3.

9.      Count Six does not allege that Mr. Taranto mentioned the possession or use of the firearms, ammunition or the magazine charged in Counts 1-5.

10.     The Superseding Indictment does not allege that the charges in Counts One-Five are related in any manner with Count Six.

## LEGAL ARGUMENT

### A.    The Offense are Misjoined Under Rule 8

Rule 8, FED. R. CRIM. PROC., governs the joinder of offenses in a single indictment:

> (a) Joinder of Offenses.  The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

 In the instant case, the offenses charged do not meet the requirements for joinder of offenses in a single indictment.  The offenses are not of the same or similar character. Counts One-Five involve licensing offenses.    That is, the charges involve his possession of certain items without proper licensing.  Count Six alleges a hoax involving an explosive, not a firearm.

Moreover, the offense are not otherwise connected or part of a common scheme or plan.  No explosives were found in Mr. Taranto's van during the search that recovered the firearms.  And there is no claim that the live-stream where Mr.Taranto allegedly made false statements about the destruction of the National Institute of Standards involve any claims that firearms would be used.

Consequently, the offenses charged in Counts One - Five are "misjoined" with Count Six within the meaning of Rule 8 and require severance.

### B.    Joinder of the Offenses Would Prejudice Mr.  Taranto

Assuming arguendo that the charges are properly joined, Mr. Taranto still maintains that he is entitled to severance under Rule 14, FED. R. CRIM. PROC.  That rule mandates severance where there is a showing of substantial prejudice to the defendant's right to a fair trial.  Here, because of the presence of guns, ammunition and a magazine that have nothing to do with the hoax charge would prejudice to Mr. Taranto.  The prejudice is patent where there is not relationship between the firearm

3

licensing offenses and the hoax.

The inclusion of all charges in a single trial threatens to raise issues of character and propensity, and create a general implication that the defendant simply has no respect for the law. Accordingly, if the firearm offenses were to be tried together with the hoax, the jury would learn that Mr. Taranto constructively possessed firearms, which are unrelated to the hoax.[1]  Given the nature of the joined offenses, the risk is real and substantial that the case will become about the defendant's character and not proof of the elements of particular crimes.

While issues of judicial economy, must be considered, they are not dispositive.  Even under a broader "other crimes" analysis, evidence of the firearm licensing offenses could hardly be introduced in the trial of the hoax that made no reference to the use of firearms.  Consequently, this is not a case where even if Count Six were severed, the evidence regarding the alleged possession of unlicensed firearms would play a part in the trial.  Any notion that such issues can be effectively treated in jury instructions misses the point.  In a jurisdiction such as the District of Columbia where firearms are not ordinarily owned by residents, jury instruction is hardly a viable way to overcome a fundamental unfairness.  Severance is the required protection of Mr. Taranto' constitutional right to a fair trial.

---

[1]  While Mr. Taranto had previously indicated his preference for a bench trial, he no longer intends to waive his right to a jury trial.

4

**CONCLUSION**

Wherefore, for the foregoing reasons, Mr. Taranto respectfully moves that this Court sever

Counts One-Five from Count Six.

Respectfully submitted,

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; 301-854-0076 (fax)
chernan7@aol.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of this Motion to Sever was served on all counsel of record via ECF this 26th day of March, 2025.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**

5