UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | Case No.  23-cr-0229 (CJN) |
| v. | * | |
| | * | |
| TAYLOR TARANTO, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*

**SUPPLEMENT TO MOTION TO DISMISS COUNT ONE**

Taylor Taranto, by his undersigned counsel, hereby respectfully moves to supplement his previously filed Motion to Dismiss Count One (ECF 62) and related memoranda.  As more fully set forth below, Mr. Taranto submits that application of ATF rule making braced pistols subject to registration under the National Firearms Act violates the ex post facto clause as applied to him.

He further supplements his Motion to advise the Court that the government has moved to hold its appeal in *Mock v Bondi,* No. 24-10743, US Court of Appeals for the Fifth Circuit for 60 days in light of President Trump's Executive Order 14206, *Protecting Second Amendment Rights*, 90 Fed. Reg.  9503, signed on February 27, 2025.[1]  Among other things, the Executive Order directed the Attorney General to examine various agency actions to "assess any ongoing infringements of the Second Amendment rights of all Americans."  *Mock* had vacated the ATF Final Rule on the basis that it violated the APA's procedural requirements because it was arbitrary and capricious and was not a logical outgrowth of the Proposed Rule.  *Mock v. Garland*, No. 4:23-CV-00095-O, 2024 WL 2982056, at \*6 (N.D. Tex. June 13, 2024).

---

[1]  Consent Motion to Hold Appeal in Abeyance for Sixty Days, filed 2/13/25

**The ATF Rule as Applied to Mr. Taranto violates the Ex Post Facto Clause**

The Ex Post Facto Clause, U.S. Const. art. I, § 9, cl. 3, prohibits Congress from enacting any law which "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28-31 (1981); *see Collins v. Youngblood*, 497 U.S. 37, 41 (1990) ("[T]he constitutional prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them.").

In the instant case, discovery produced by the government reflects that Mr. Taranto legally purchased the Scorpion CZ pistol and the stabilizing braze, which is the subject of Count One on August 27, 2018.[2] At that time, both items were legal. The ATF Final Rule which purported to make possession of the pistols with a stabilizing braze subject to the NFA was published on January 31, 2023. *See* Taranto Motion to Dismiss (ECF 62) at 11-16. ATF granted a grace period to May 31, 2023 for individuals to come into compliance. *Id.* at 14. Significantly, multiple courts have enjoined the government from enforcing the rule for a variety of reasons, including because it is not a logical outgrowth of the proposed rule, it is arbitrary and capricious, it risks infringing the Second Amendment, and it raises fair notice concerns. *Id.* at 15 (citing cases).

At the point that the ATF rule that purports to make Mr. Taranto's possession of the pistol a criminal offense was first published, Mr. Taranto had already been in lawful possession of the firearm for nearly five years. Under the circumstances, applying the arbitrary and capricious and improperly adopted ATF Rule which failed to provide fair notice to Mr. Taranto would amount to an ex post facto violation.

---

[2] Firearms Trace Summary (FBI-302, dated 7/10/23), Bates # 176-SE-3487979 Serial 76.

## CONCLUSION

Wherefore, for the foregoing reasons, this Honorable Court should dismiss Count One of the Indictment because it is based on an administrative rule that is arbitrary and capricious, risks infringing the Second Amendment, raises fair notice concerns and as applied to Mr. Taranto results in an ex post facto Constitutional violation.

Respectfully submitted,

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; 301-854-0076 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Supplement to Motion to Dismiss was served on all counsel of record via ECF this 26th day of March, 2025.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**