UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-229 (CJN) |
| | : | |
| TAYLOR FRANKLIN TARANTO, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DENIAL OF TAYLOR TARANTO'S MOTION TO DISMISS BASED ON THE PARDON

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant's motion for reconsideration (ECF No. 118) of the Court's decision to deny defendant's Motion to Dismiss (ECF No. 99). Defendant fails to meet the burden for reconsideration and poses arguments that this Court has already considered.

*Legal Standard*

While the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, courts have analyzed such requests by applying the standards articulated in Federal Rule of Civil Procedure 59(e). *See, e.g.*, *United States v. Entrekin*, No. 21-cr-686 (RDM), 2023 WL 8827069, at *1 (D.D.C. Dec. 21, 2023). Applying those standards here, defendant bears the burden of showing that there has been "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice." *Dyson v. Winfield*, 129 F. Supp. 2d 22, 23 (D.D.C. 2001). The defendant may not use a motion for reconsideration "either to repeat unsuccessful arguments or to assert new but previously available arguments." *United States v. Malone*, 2023 WL 5833677, at *1 (D.D.C. Sept. 8, 2023). This Court has "broad discretion to grant or deny a motion for reconsideration." *Dyson*, 129 F. Supp. 2d at 23 (citing *McDonnell Douglas Corp. v. NASA*, 109 F. Supp. 2d 27, 28 (D.D.C. 2000)).

*Argument*

Defendant fails to meet the legal standard for reconsideration. First, there has been no intervening change in the law controlling the prosecution's inherent power to dismiss a case or charges. *See Cmty. for Creative Non-Violence v. Pierce*, 786 F.2d 1199, 1201 (D.C. Cir. 1986) (noting that the exercise of prosecutorial power "lies at the core of the Executive's duty"). The government has exercised its prosecutorial discretion and it has applied Presidential Proclamation 10887 to defendant's case. Defendant's disagreement with how the prosecution exercised its charging authority and how it applied that proclamation cannot be the basis for dismissal of the charges. *See United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016) (noting limited role of courts in the context of Rule 48(a) dismissals).

Second, there is no new evidence on this issue because the question arises from the exercise of prosecutorial discretion and the interpretation of a Presidential proclamation. There are no new facts. Even if one assumes that the government's exercise of prosecutorial discretion in other cases has some bearing on this case, defendant's arguments fail. In the cases cited by defendant (Mot. 7), the evidence was discovered during the execution of search warrants issued in connection with the January 6, 2021, investigations. By contrast, law enforcement agents searched Taranto's van and backpack in June 2023 because he suggested that he had equipped his vehicle with a detonator and they were concerned that it contained a dangerous explosive device. That is when they found Taranto's firearms. The exigency of the situation on June 29, 2023, justified the searches—they were not executed pursuant to a search warrant for evidence of January 6 offenses. Subsequent search warrants sought evidence for all of Taranto's conduct and were not limited to what he did at the U.S. Capitol on January 6, 2021.

Third, there is no clear error or manifest injustice in the Court's denial of defendant's Motion to Dismiss and defendant does not argue that either deficiency exists in this case. Defendant instead seeks to relitigate arguments that were presented in his Motion to Dismiss, which should not be allowed. *See United States v. Malone*, 2023 WL 5833677, at *1 (D.D.C. Sept. 8, 2023) (movant may not use motion to "to repeat unsuccessful arguments").

For the foregoing reasons, the Court should deny his motion for reconsideration.

    Respectfully submitted,

    EDWARD R. MARTIN, JR.
    United States Attorney
    D.C. Bar Number 481866

By: */s/ Carlos A. Valdivia*
    CARLOS A. VALDIVIA
    DC Bar No. 1019242
    SAMUEL WHITE
    NC Bar No. 44908
    Assistant United States Attorneys
    601 D Street, NW
    Washington, D.C. 20530
    (202) 252-7508
    Carlos.Valdivia@usdoj.gov