UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Case No. 23-cr-229 (CJN) |
| : | |
| TAYLOR FRANKLIN TARANTO, : | |
| : | |
| Defendant.  : | |

## GOVERNMENT BENCH BRIEF

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully provides the following brief on the case law and relevant legislative history relating to D.C. Code Section 22-4504(a)(1) (2001 ed.), and its application to the carrying of firearms outside of a person's "dwelling place, place of business, or on other land possessed by the person." In light of the defendant's previous arguments made during litigation – that the defendant dwelled in his vehicle and thus could not violate §22-4504 – the government submits this short brief to clarify the scope of the law at issue (and reserves the right to supplement if necessary). To that end, the defendant's argument, even if factually credited, does not militate in his favor.

The plain reading of D.C. Code Section 22-4504(a)(1) only carves out an exception for land possessed by the person carrying the firearm. Specifically, the statute does not prohibit the carrying of a pistol in a "dwelling place, place of business, or on *other land* possessed by the person[.]" *Id*. (emphasis added). The use of the word "other" suggests that "dwelling place" and "place of business" are also types of land possessed by the person. If this exception could refer to vehicles, the statute would not have used the word "other," in the context of the remaining words in the clause.

2

The case law from D.C Superior Court and the District of Columbia Court of Appeals (DCCA) – the state courts to have interpreted the statute in question – is consistent with the plain reading of the statute and the conclusion that the carve out from criminal liability requires a controlling interest in the land on which the person was carrying the pistol. Indeed, the Redbook instruction provides a series of string cites that helps illuminate the issue. *See, e.g., Yirenkyi v. D.C. Hackers' License Board*, 520 A.2d 328 (D.C. 1987) (taxicab not "place of business"); *Gaulmon v. U.S.*, 465 A.2d 847 (D.C. 1983) (room of transient hotel not within "dwelling house" exception); *Billinger v. U.S.*, 425 A.2d 1304 (D.C. 1981) (vending van not "place of business"); *Scott v. U.S.,* 392 A.2d 4 (D.C. 1978) (on-the-scene property managers without controlling proprietary or possessory interest in the premises cannot rely upon "place of business" provision); *Berkley v. U.S.,* 370 A.2d 1331 (D.C. 1977) (place of business provision applies only to defendant who has a controlling, proprietary or possessory interest in the business in question); and *White v. U.S.,* 283 A.2d 21 (D.C. 1971) (common hallway of apartment or rooming house not defendant's "dwelling house").

To find the "dwelling place" exception applies to a vehicle parked on a public street would also be contrary to the legislative intent of the CPWL statute. As laid out by the DCCA in *Billinger:*

> "We are persuaded that the rationale advanced, coupled with the legislative history of the District's firearm control laws, reflects a legislative intent to exempt from the general prohibition those instances of firearm possession which are linked to a possessory interest in real property, such as dwelling, other land or place of business. **Congress did not intend that ambulatory businesses such as mobile vans or taxicabs should be deemed an exception to the statute. To rule otherwise would defeat the acknowledged purpose of the law and give impetus to the increased possession of firearms on the c]ity's streets.**"

(emphasis added)).

425 A.2d 1304, 1306 (D.C. 1981). Similarly, in *Bruce v. United States*, 471 A.2d 1005, 1007 (D.C. 1984), the DCCA explained the intent behind enacting the CPWL statute, noting:

> The congressional intent of § 22-3204 is to "drastically tighten the ban on carrying dangerous weapons" within the District of Columbia. *Logan v. United States*, 402 A.2d 822, 825 (D.C. 1979), (quoting *United States v. Walker*, 380 A.2d 1388, 1391 (D.C. 1977)). At the same time, Congress sought to preserve the traditional right of citizens to have arms in their homes and other land belonging to them. *Billinger v. United States*, 425 A.2d 1304, 1305 (D.C. 1981). **This court views these exceptions narrowly, as exempting only those instances of firearm possession which are linked to a possessory interest in real property.** *See*, *id*. at 1306. To do otherwise would defeat the purpose of the law, which is to restrict the flow and use of guns on the street. *Id*. An expansion of the exceptions for lawful possession to include the home of appellant's grandmother would be contrary to the language of the statute, case precedent and public policy.

(Emphasis added). As to the Second Amendment, the government is currently unaware of any case law reinterpreting such provision (or similar provisions). Nor does the Second Amendment's constitutional rights upend the statutory or practical enforcement of firearms regulations for vehicular travel.

Limited to the contours of §22-4504(a)(1), the is no law or specific principle that supports the defendant's broad contention that transiting across the nation with firearms in a vehicle a person may or may not use as a temporary domicile undermines the ability of states to regulate the licensure of firearms in their respective territories. The defendant's legal argument (even if one were to accept his facts as true) does not pass muster.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    /s/_____
       Carlos A. Valdivia

D.C. Bar No. 1019242
Samuel White
NC Bar No. 44908
Assistant United States Attorneys
601 D Street NW, Fifth Floor
Washington, D.C. 20530
E-mail: Carlos.Valdivia@usdoj.gov
Telephone: (202) 252-7508

5