IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | Case No. 23-cr-00229-CJN |
| | * | |
| TAYLOR TARANTO, | * | |
| Defendant | * | |
| | * | |

ooOoo

### TAYLOR TARANTO'S BENCH BRIEF
### AND RESPONSE IN OPPOSITION TO GOVERNMENT'S BRIEF

Taylor Taranto, by his undersigned counsel, respectfully submit the following bench brief in support of his arguments that: (1) the hoax statute, 18 U.S.C. § 1038 requires proof of subjective intent as an element of the offense; (2) that the term "dwelling place" in DC Code § 22–4504(a)(1) encompasses a van where the defendant is living;[1] and (3) the Court should strike Government exhibits 207A-207N, involving private messages between two persons, should be struck as presenting inadmissible propensity evidence

---

[1] § 22–4504.  Carrying concealed weapons; possession of weapons during commission of crime of violence; penalty.

(a) No person shall carry within the District of Columbia either openly or concealed on or about their person, a pistol, without a license issued pursuant to District of Columbia law, or any deadly or dangerous weapon. Whoever violates this section shall be punished as provided in § 22-4515, except that:

> (1) A person who violates this section by carrying a pistol, without a license issued pursuant to District of Columbia law, or any deadly or dangerous weapon, in a place other than the person's dwelling place, place of business, or on other land possessed by the person, shall be fined not more than the amount set forth in § 22-3571.01 or imprisoned for not more than 5 years

A.   **Subjective Intent Should Be Implied in Section 1038**

Supreme Court precedent is fairly clear that federal statutes that criminalize threats require proof of subjective intent to pass constitutional muster. *See Elonis v. United States*, 575 U.S. 723 (2015) (reviewing 18 U.S.C. § 1875):

> An individual who "transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another" is guilty of a felony and faces up to five years' imprisonment. 18 U.S.C. § 875(c). This statute requires that a communication be transmitted and that the communication contain a threat. It does not specify that the defendant must have any mental state with respect to these elements. In particular, it does not indicate whether the defendant must intend that his communication contain a threat.
> . . .
> The fact that the statute does not specify any required mental state, however, does not mean that none exists. We have repeatedly held that "mere omission from a criminal enactment of any mention of criminal intent" should not be read "as dispensing with it." *Morissette v. United States,* 342 U.S. 246, 250 (1952). This rule of construction reflects the basic principle that "wrongdoing must be conscious to be criminal." *Id.,* at 252. As Justice Jackson explained, this principle is "as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil." *Id.,* at 250. The "central thought" is that a defendant must be "blameworthy in mind" before he can be found guilty, a concept courts have expressed over time through various terms such as *mens rea,* scienter, malice aforethought, guilty knowledge, and the like. *Id*., at 252; 1 W. LaFave, Substantive Criminal Law § 5.1, pp. 332–333 (2d ed. 2003). Although there are exceptions, the "general rule" is that a guilty mind is "a necessary element in the indictment and proof of every crime." *United States v. Balint,* 258 U.S. 250, 251. We therefore generally "interpret [ ] criminal statutes to include broadly applicable scienter requirements, even where the statute by its terms does not contain them." *United States v. X–Citement Video, Inc.,* 513 U.S. 64, 70 (1994).
> . . .
> Section 875(c), as noted, requires proof that a communication was transmitted and that it contained a threat. The "presumption in favor

>of a scienter requirement should apply to *each* of the statutory elements that criminalize otherwise innocent conduct." *X–Citement Video,* 513 U.S., at 72 (emphasis added). The parties agree that a defendant under Section 875(c) must know that he is transmitting a communication. But communicating *something* is not what makes the conduct "wrongful." Here "the crucial element separating legal innocence from wrongful conduct" is the threatening nature of the communication. *Id.,* at 73. The mental state requirement must therefore apply to the fact that the communication contains a threat.

Similarly, in *Virginia v. Black*, 538 U.S. 343 (2003) held that the anti-cross-burning statute was constitutional only to the extent that it criminalized cross burnings that were intended to menace their recipients. *Id*. at 359–60. *See also United States v. Cassel*, 408 F.3d 622, 631–33 (9th Cir. 2005), where the 9th Circuit held that the crime of intimidation to hinder or prevent a person from bidding for the sale of federal land, 18 U.S.C. § 1860 also required a subjective intent. All of these cases stand for the proposition that the proscription of expressive conduct or speech is a violation of the First Amendment in the absence of a requirement of intent to intimidate, which intent would render their conduct or speech an unprotected threat.

In addition, in *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46 (1988), the Supreme Court held that parodies of public figures – that is false statements – even those intending to cause emotional distress, are protected by the First and Fourteenth Amendments to the U.S. Constitution.

Lastly, as an evidentiary matter, the fact that a defendant does not directly communicate with the object of the threat makes it less likely that he intended the statement to be taken seriously. *See, e.g., United States v. Fenton*, 30 F.Supp.2d 520, 524-25 (W.D. Penn. 1998).

    **B.**    **Dwelling Place Encompasses A Van Where Defendant is Living**

Each of the cases the government cites for a contrary proposition are unavailing. For one, in interpreting a statute, its legislative history is not considerered absent ambiguity in the statute.

3

Here, "dwelling place" within the statute is not ambiguous. "Dwelling place" is defined as "the place where someone lives." *See* Merriam Webster at https://www.merriam-webster.com/dictionary/dwelling%20place; *see also* Taranto's Objections and Additions to Jury Instructions (ECF 121 at 3). Moreover, the legislative history cited by the government should not be considered by the Court as the cases cited predate *District of Columbia v. Heller,* 554 U.S. 579 (2008), which held the DC firearm prohibitions violated the Second Amendment. Thus, the restrictive legislature's intent was unconstitutionally restrictive. Moreover, the legislative history the government cites was dicta to the extent it involved a place of business instead of a "dwelling place.

### C. Government Exhibits 207 Should Be Struck

First, as the evidence has come in, the private conversation set out in Exhibit 207 do not satisfy any permissible basis for admission under Rule 404(b). The government appears to be attempting to show that Mr. Taranto is violent, which amounts to impermissible propensity evidence. Moreover, the short snippets introduced an incomplete and out of context. Thus, they are inadmissible. *See, e.g., United States v. Slade,* 627 F.2d 293, 301 (D.C. Cir. 1980).

Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

**CERTIFICATE OF SERVICE**

     I hereby certify that the instant notice was served via ECF on all counsel of record this 19th day of May, 2025.

                                                              /s/ *Carmen D. Hernandez*
                                                              **Carmen D. Hernandez**