# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **vs.** | * | **Case No. 23-cr-00229-CJN** |
| | * | |
| **TAYLOR TARANTO**, | * | |
| **Defendant** | * | |
| | * | |

**ooOoo**

## TAYLOR TARANTO'S MOTION FOR RELEASE PENDING SENTENCING

Taylor Taranto, by his undersigned counsel, respectfully moves this Honorable Court to release him pending sentencing pursuant to 18 U.S.C. § 3143(a) on the basis that in light of the time that Mr. Taranto has already served in pretrial detention and the fact that the applicable guidelines do not recommend any additional term of imprisonment, this Court has the authority to release Mr. Taranto pending sentencing. Further, under all the circumstances of this case, the Court should release him.

In pertinent part, § 3143(a) provides

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, *other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment*, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

(emphasis added).

## I.    Mr. Taranto Is Not Facing Additional Imprisonment

Mr. Taranto has been detained pretrial since June 29, 2023. Thus, as of tomorrow's date when the Court will be considering this motion, Mr. Taranto will have already served 22 months and 22 days in prison. If the Court were to factor in the 54-days annual good-time credit he would receive under 18 U.S.C. § 3624(b), he will already have served nearly 27 months imprisonment. *See United States v. Fowler*, 948 F.3d 663, 670 (4th Cir. 2020) (district court may properly consider the potential impact of good-time credits when tailoring a sentence).[1]

## II.    Sentencing Guidelines Calculation - U.S.S.G. §2A6.1 (Hoaxes).

### A.    Guideline Calculation Proposed by Mr. Taranto

**Offense Level**
Base offense level, § 2A6.1(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12
Acceptance of Responsibility, § 3E1.1(a)[2]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -2
Zero-point offender reduction, § 4C1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -2

**Total Offense Level**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Criminal History**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . Category I (no prior convictions)

**Recommended Guideline Range**. . . . . . . . . . . . . . . . . . . . . 0 to 6 months (OL 8/CH I)

---

[1] Pursuant to 18 U.S.C. § 3624(b), BOP grants "credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court").

[2] Mr. Taranto qualifies for an acceptance of responsibility reduction pursuant to Application Note 2, which provides "Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct."

### B.    Less Favorable Guideline Calculation

Even assuming a worst-case scenario were the Court apply a specific offense characteristic and reject the downward adjustments noted above, Mr. Taranto is still not facing any additional recommended term of imprisonment.

**Offense Level**
Base offense level, § 2A6.1(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12
Substantial Disruption of Government Services, § 2A6.1(b)(4)[3]. . . . . . . . . . . . . . . . . . . 4

**Total Offense Level**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Criminal History**. . . . . . . . . . . . . . . . . . . . . . . . . . . . .   Category I (no prior convictions)

**Recommended Guideline Range**. . . . . . . . . . . . . . . . . .   21 to 27 months (OL 16/CH I)

### C.    DC Voluntary Sentencing Guidelines Do Not Affect Release

While 18 U.S.C. § 3143(a) does not require the Court to consider the Voluntary Sentencing Guidelines applicable to the DC Code gun offenses, application of these guidelines does not alter the recommended guideline range for Mr. Taranto.  Application of the DC Sentencing Guidelines place the offenses in App. C5 and Offense Severity Group M8, resulting in a voluntary sentencing range of 6 to 24 months, with eligibility for a probationary sentence and no requirement that the sentences for the three DC Code gun offenses be consecutive.  Moreover, "[b]y design, the Voluntary Sentencing Guidelines are entirely voluntary, and judges are free to apply or ignore them as they see fit without interference by this Court. . . . Whether ... a trial judge scrupulously follows, outrageously flouts or clumsily misapplies the sentencing guidelines is simply none of our appellate business,

---

[3]  § 2A6.1(b)(4) provides "If the offense resulted in (A) substantial disruption of public, governmental, or business functions or services; or (B) a substantial expenditure of funds to clean up, decontaminate, or otherwise respond to the offense, increase by 4 levels."

3

unless ... such flouting or misapplying should coincidentally trigger one or more of our more limited and traditional reasons for reviewing a sentence." *Speaks v. United States,* 959 A.2d 712, 720 (D.C. 2008) (internal citations omitted). *See also* DCVSG § 5.3 ("The Guidelines are voluntary. . . . There are no sanctions for failing to follow the Guidelines and any lawful sentence is not appealable based on whether or not it complies with the Guidelines. As a consequence, a judge retains total discretion to impose any lawful sentence").

### D. Under All the Circumstances, the Court Should Release Mr. Taranto

The exception to the provision of the Bail Reform Act requiring detention applies in the instant case as the applicable guidelines "do not recommend a term of imprisonment" beyond the time Mr.Taranto has already served.  18  U.S.C. § 3143(a)(1).  Moreover, there are substantial constitutional issues that will be the subject of an appeal in this case.  And, having heard all the evidence in this case, the Court should be satisfied that Mr. Taranton does not pose a risk of flight nor a danger to any person.

Moreover, this is Mr. Taranto's first criminal conviction.  He stands convicted of nonviolent offenses.  He did not engage in any violent conduct and did not destroy any property.  He has been married for more than 15 years to a wonderful woman, who has stood by him during all the current difficulties and stands ready to continue her loving support.  He is a loving and engaged father.  His two children need their father.

Mr. Taranto is an honorably discharged disabled veteran.  He has lived in Washington State for much of his adult life, save when he was in the U.S. Navy, where he was deployed to Iraq and served honorably for over six years.  As the Court heard in the video played by the government on the last trial date, Taylor Taranto is a good and thoughtful person who has sought to use humor to

help himself and his fellow veterans and prevented at least one of them from committing suicide. His dark and quirky humor is a direct result of his service to his country. He has actively worked to address the PTSD that resulted from trauma experienced during his military service. The lengthy period of pretrial detention with the limited services and unsanitary conditions including growing black mold that prevail in the DC Jail has been a disservice to this good and decent man.

Mr. Taranto stands convicted of gun charges, involving licensure violations. The firearms were all legally purchased in the state of Washington. He was not charged or convicted of using the firearms in any manner. He did not have any firearms on his person and did not otherwise use the firearms. Indeed, the firearms and ammunition were contained in a locked backpack reflecting that he recognizes the care with which firearms should be handled.

By definition, the federal hoax charge did not involve an actual threat to cause injury to any person or property. And did not in fact cause injury to anyone or damage any property. He did not communicate any threats directly to anyone. The statements underlying the charge were not explicit and amount to little more than a bad joke gone terribly wrong. The First and Second Amendment interests implicated in the case mitigate the punishment to be imposed.

Mr. Taranto's history and characteristics and the nature and circumstances of the offense reflect that any further imprisonment would be "greater than necessary" to provide just punishment, protect the public and provide needed rehabilitation. *See* 18 U.S.C. § 3553(a). By every applicable standard, it is time for this Honorable Court to apply the "uniform and constant. . . federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate . . . the crime and the punishment

to ensue."[4]  It is time to allow Mr. Taranto to join his wife and children in their home.

WHEREFORE, for all these reasons and any that the Court may find just and proper, Taylor Taranto respectfully requests that this Honorable Court release him pending sentencing pursuant to 18 U.S.C. § 3143(a)(1).

Respectfully submitted,

/s/ Carmen D. Hernandez
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served via ECF on all counsel of record this 20th day of May, 2025.

/s/ Carmen D. Hernandez
**Carmen D. Hernandez**

---

[4] *Koon v. United States*, 518 U.S. 81 (1996)

6