UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TAYLOR TARANTO,<br><br>*Defendant.* | Civil Action No. 1: 23-cr-00229 (CJN) |

**FINAL BENCH INSTRUCTIONS**

**Counts Two and Three – Carrying a Pistol Without a License (Outside Home or Place of Business)**, in violation of 22 D.C. Code § 4504(a)(1)

Elements

The elements of the offense of carrying a pistol without a license, each of which the government must prove beyond a reasonable doubt, are that:

First, the defendant carried a pistol on or about his person;

Second, he did so voluntarily and on purpose, and not by mistake or accident;

Third, he was not licensed to carry the pistol by the Chief of Police of the District of Columbia; and

Fourth, he carried the pistol in a place other than his home, place of business, or land or premises possessed and controlled by him.

Definitions

The term "pistol" means a firearm that has a barrel less than 12 inches in length or that was originally designed to be fired with a single hand. The term "firearm" means a weapon, regardless of operability, which will or is designed or redesigned, made or remade, readily converted,

1

restored, or repaired to or is intended to expel a bullet or other projectiles by the action of an explosive.

     A person carries a pistol on or about his person if he is in actual or constructive possession of it, but only if it is convenient of access and within his reach.  Mere presence near a pistol or mere knowledge of its location is not enough to show that Taylor Taranto carried it.  Taylor Taranto must have the power and intent to exercise control over the pistol.

**Count Five – Unlawful Possession of Ammunition**, in violation of 7 D.C. Code § 2506.01(a)(3)

Elements

The elements of the offense of possession of ammunition, each of which the government must prove beyond a reasonable doubt, are that:

First, the defendant possessed ammunition;

Second, he did so voluntarily and on purpose, and not by mistake or accident; and

Third, he did so without having a valid registration certificate for a firearm.

Definitions

The term "ammunition" means cartridge cases, shells, projectiles (including shot), primers, bullets (including restricted pistol bullets), propellant powder, devices or materials designed, redesigned or intended for use in a firearm or destructive device.

Possession means to have physical possession or to otherwise exercise control over tangible property. A person may possess property in either of two ways. First, the person may have physical possession of it by holding it in his or her hand or by carrying it in or on his or her body or person. This is called "actual possession." Second, a person may exercise control over property not in his or her physical possession if that person has both the power and the intent at a given time to control the property. This is called "constructive possession." Mere presence near something or mere knowledge of its location, however, is not enough to show possession. To prove possession of the large capacity ammunition feeding device against Taylor Taranto in this case, the government must prove beyond a reasonable doubt that he had either actual or constructive possession of it.

**Count Six – False Information and Hoaxes**, in violation of 18 U.S.C. § 1038(a)(1)

Elements

The elements of the offense of false information and hoaxes, each of which the government must prove beyond a reasonable doubt, are that:

First, the defendant intentionally conveyed false or misleading information;

Second, he conveyed that information under circumstances in which such information may reasonably have been believed;

Third, that he acted recklessly with respect to whether such information may reasonably have been believed; and

Fourth, such information indicated that an activity had taken, was taking, or would take place that would constitute a violation of the statute prohibiting the arson and bombing or attempted arson and bombing of Federal facilities.

Definitions

The term "intentionally" means that defendant acted voluntarily and intentionally, and not because of mistake, accident or other innocent reason. The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the operations of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made and/or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

The term "reasonably" refers to an objective standard. It is not what the defendant intended but whether an ordinary, reasonable recipient who is familiar with the context of the information would believe the information. The effect the information has upon the recipient is relevant in determining whether the objective test has been satisfied.

A person acts recklessly with respect to a result when that person is aware of a substantial risk that conduct will cause the result; and the person's conduct grossly deviates from the standard

of care that a reasonable person would observe in the person's situation.

The statute prohibiting arson and bombing of Federal facilities is 18 U.S.C. § 844(f)(1). Section 844(f)(1) provides that "Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other personal or real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or any institution or organization receiving Federal financial assistance," is guilty of an offense against the laws of the United States.

For the purposes of Section 844(f)(1), "the term 'explosive' means . . . all forms of high explosives, . . . detonators, and other detonating agents . . . and any . . . device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion."