UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 23-cr-229 (CJN) |
| : | |
| TAYLOR FRANKLIN TARANTO, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
## FOR RELEASE PENDING SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to the Defendant's motion for release pending sentencing. Defendant Taylor Taranto ("Defendant") continues to pose a danger to the safety of both specific individuals and the broader community. The government requests that the Court order that the Defendant be detained pending sentencing pursuant to 18 U.S.C. § 3143(a).

## BACKGROUND

### *Procedural Posture*

At the Defendant's initial appearance on June 30, 2023, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142(f)(2)(A) (Serious Risk of Flight). The defendant challenged his detention. Magistrate Judge Faruqui held multiple detentions hearings and, on July 12, 2023, granted the government's motion for pretrial detention. The Defendant appealed, and this Court ultimately denied his appeal and ordered on September 9, 2023, that the Defendant remain detained pending trial. (ECF No. 27.) Analyzing the four factors articulated in § 3142(g), this Court determined that "[Defendant] may be a threat to individual persons and the community." *Id.* This Court cited the fact that the gun charges in this case stemmed from actions

taken by the Defendant near the home of a former President and while the Defendant was making repeated references to a former Chief of Staff. This Court also weighed the evidence against the Defendant, noted his disturbing and erratic behavior, and his danger to the community. This Court wrote: "Taranto's recent commentary about explosives, targeting of certain politicians, behavior outside a former president's home, mental health, military training, and access to firearms all contribute to the Court's determination (based on clear and convincing evidence) that Taranto poses a serious risk to others and the community." ECF No. 27 at 12.

At the time this Court ordered the Defendant's continued detention, he had been charged with two felony firearms offenses and four misdemeanor charges for his actions on January 6, 2021. At trial, the Defendant faced two felony firearms offenses, a misdemeanor ammunition-possession charge, and a felony charge for false information and hoaxes. On May 20, 2025, the Court rendered its verdict, finding the Defendant guilty of all four charges.

## LEGAL STANDARD

Defendants convicted of crimes not specified in § 3143(a)(2) must be detained pending sentencing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community," excluding defendants "for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment." 18 U.S.C. § 3143(a)(1). A presumption of detention applies to such defendants, which can be rebutted only by "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." *Id.* Under § 3143(a)(1) the Court must "conduct the same analyses of flight risk and dangerousness used in the pre-trial context, but with the burden shifted." *United States v. Chansley*, No. 21-CR-3 (RCL), 2021 WL 4133655, at *2 (D.D.C. Sept. 10, 2021). "Now the *defendant* must

convince the Court that he is neither a flight risk nor a danger to the safety of others or the community." *Id.* (emphasis in original).

## GUIDELINES CALCULATION

The government estimates that the following Sentencing Guidelines sections may apply to Count Six of the Superseding Indictment, alleging False Information and Hoaxes under 18 U.S.C. § 1038(a):[1]

| | | |
|---|---|---|
| U.S.S.G. § 2A6.1 | Base Offense Level | 12 |
| U.S.S.G. § 3A1.2 | Specific Offense Characteristics: Official Victim | 4 |
| | Total | 16 |

Based upon prior records suggesting the Defendant has no prior criminal convictions, the government estimates a guidelines range for Count Six of 21–27 months. Contrary to the Defendant's claim in his instant motion, a two-level reduction for acceptance of responsibility should not apply for a defendant who, as noted by both the government and his own counsel, repeatedly laughed at video-recorded evidence of his crimes during trial. Defendant may also not be eligible for a zero-point offender reduction pursuant to U.S.S.G. § 4C1.1 because U.S.S.G. § 4C1.1(a)(2), (a)(3), and (a)(7) may apply.

In the event the Court utilizes the District of Columbia's Voluntary Sentencing Guidelines, the government calculates that the Defendant's guidelines range for both Count Two and Count Three, each of which charge Carrying a Pistol Without a License (Outside Home or Place of

---

[1] The government has not yet evaluated the applicability of § 3A1.4 (Terrorism) to Taranto's guidelines. If applicable, his offense level would be 32, for a sentencing range of 121–151 months of imprisonment.

Business), in violation of D.C. Code Section 22-4504(a)(1), will be 6–24 months. The government notes that the Court is free to impose any sentence for Counts Two and Three consecutive to the sentence imposed for Count Six.

**ARGUMENT**

The Defendant fails to raise any compelling arguments that show he is less dangerous now than when he was not convicted of three felonies. The reasons that militated in favor of detention still exist today. There is a greater need for detention considering that the Defendant's offenses occurred in connection with a pattern of disturbing and intimidating behavior prompted by desire to go after his perceived political opponents or government officials.

Applying the four factors articulated in § 3142(g), there remain no set of conditions that would reasonably assure the Defendant's future appearance and the safety of the community. As this Court has previously determined, the nature and circumstances of the offenses are linked to the Defendant's pattern of attempting contact with current and former elected officials. Moreover, in its verdict, the Court found that a reasonable observer could have taken the Defendant's bomb hoax as true. The Defendant's bomb hoax could therefore have caused a mass panic and in fact did divert significant law-enforcement resources away from other potential emergencies. His actions drew a federal anti-terrorism task force away from other duties in the District of Columbia.

Turning to the Defendant's history and characteristics, his past behavior should continue to concern the Court. He does not have a criminal history, but he does have a history of threatening behavior. His statements about explosives and violence, his taunting of politicians and elected officials, and recording elementary school children, all militate in favor of continued detention. His military training and history of mental instability also contribute to his potential

dangerousness. The Defendant also leaves unaddressed the Court's concerns that he does not acknowledge the legitimacy of the U.S. Consitution and that he may not take the orders of this Court seriously. (ECF No. 27 at 12.) Indeed, the Defendant's motion does not even attempt to assure the Court of that simple but fundamental requirement, without which any hope of future adherence to conditions of release is unsupported.

Finally, the Defendantpresents a significant danger to the community. For the same reasons stated above—his history of targeting elected officials and his unstable nature—the Defendant has engaged in a pattern of intimidating and coercive behavior. His actions reflect a willingness to take actions that further violent plans, or at least put people in fear of them.

The Defendant has served over 22 months of pre-trial detention. As noted above, he is eligible to receive up a sentence of 27 months' imprisonment on Count Six, and may receive additional incarceration in the event the Court imposes the sentence for the firearms offenses in this case consecutively. Regardless, the amount of time that he has already served does not outweigh the danger that the Defendant poses to the community and his political targets or the bases for his continued detention under 18 U.S.C. § 3143.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the Defendant's motion for release pending sentencing and order that he remain held.

Respectfully submitted,

Jeanine Ferris Pirro
UNITED STATES ATTORNEY

By: /s/ Carlos A. Valdivia
CARLOS A. VALDIVIA
DC Bar No. 1019242
SAMUEL WHITE

                        NC Bar No. 44908
                        Assistant United States Attorneys
                        601 D Street, NW
                        Washington, D.C. 20530
                        (202) 252-7508
                        Carlos.Valdivia@usdoj.gov