UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-229 (CJN) |
| | : | |
| TAYLOR FRANKLIN TARANTO, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR JUDGMENT OF ACQUITTAL AND FOR NEW TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant's motion for judgment of acquittal and for a new trial (ECF No. 147). Defendant's arguments have no merit and they fail to meet the standards for the relief he seeks.

**BACKGROUND**

The bench trial in this case started on May 13, 2025, and concluded on May 20, 2025. On May 15th the government rested its case and the defendant moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The Court took the motion under advisement until the conclusion of trial. On May 20, 2025, after the parties rested their cases, the Court rendered its findings and found defendant guilty of multiple counts, including two counts of Carrying a Pistol Without a License (Counts Two and Three) and one count of Unlawful Possession of Ammunition (Count 5). On June 24, 2025, defendant filed his motion for judgment of acquittal (ECF No. 147) and requested a new trial, asserting Second Amendment claims.

## LEGAL STANDARDS

### *Rule 29 of the Federal Rules of Criminal Procedure*

Rule 29 of the Federal Rules of Criminal Procedure permits the defendant to move for judgment of acquittal at the close of the government's case in chief or at the close of all evidence on the ground that the evidence presented is "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Court must consider the evidence "in the light most favorable to the government" to determine if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Shi*, 991 F.3d 198, 205 (D.C. Cir. 2021) (citations omitted). Stated otherwise, "a judgment of acquittal is warranted 'only when there is no evidence upon which a reasonable mind might find guilt beyond a reasonable doubt.'" *United States v. Khanu*, 675 F. Supp. 2d 55, 60 (D.D.C. 2009) (quoting *United States v. Byfield*, 928 F.2d 1163, 1165 (D.C. Cir. 1991)).

"Defendants raising a Rule 29 motion must meet a demanding standard in order to obtain a judgment of acquittal." *United States v. Borda*, 768 F. Supp. 2d 289, 292 (D.D.C. 2011). When considering a Rule 29 motion after a verdict, the Court "must view the evidence in the light most favorable to the verdict, and must presume that the [trier of fact] has properly carried out its functions of evaluating the credibility of witnesses, finding the facts, and drawing justifiable inferences." *United States v. Campbell*, 702 F.2d 262, 264 (D.C. Cir. 1983). Credibility determinations are for the factfinder. *See United States v. Williamson*, 81 F. Supp. 3d 85, 89 (D.D.C. 2015); *see also Glasser v. United States*, 315 U.S. 60, 80 (1942) (courts should not "weigh the evidence or determine the credibility of witnesses"). "If the evidence reasonably permits a verdict of acquittal or a verdict of guilt, the decision is for the factfinder to make," and the motion must be denied. *United States v. Jabr*, No. CR 18-0105 (PLF), 2019 WL 13110682, at *4 (D.D.C.

May 16, 2019) (granting Rule 29 motion as to completed § 1752(a)(1) offense, denying Rule 29 motion as to attempt to commit § 1752(a)(1), and finding the defendant guilty of same following a bench trial) (citing *United States v. Jemal*, Criminal No. 05-0359, 2007 WL 778623, at *3 (D.D.C. March 12, 2007); *United States v. Sutton*, 801 F.2d 1346, 1358 (D.C. Cir. 1986)).

To the extent that Rule 29 applies in bench trials, *see United States v. DaSilva*, 715 F. Supp. 3d 116, 124 (D.D.C. 2024), "the same standard guides a district court in resolving a Rule 29 motion." *Jabr*, 2019 WL 13110682, at *4. In practice, however, "[i]n a bench trial, the judge acting as the trier of both fact and law implicitly rules on the sufficiency of the evidence by rendering a verdict of guilty." *United States v. Atkinson*, 990 F.2d 501, 503 (9th Cir. 1993) (holding that "no motion for acquittal is necessary in a bench trial in order to preserve for appeal a challenge to the sufficiency of the evidence"). Accordingly, a majority of circuits, including the D.C. Circuit, have held that "the failure to move for a judgment of acquittal does not foreclose an attack on the sufficiency of the evidence on appeal." *United States v. Whitlock*, 663 F.2d 1094, 1097 n.24 (D.C. Cir. 1980) (opinion of Robinson, J.) (collecting cases). This is so, because where the factfinder and the court are one and the same, a trial court's guilty verdict requires the court to have already concluded that there is *more than* a sufficiency of the evidence. "Rule 29 protects a defendant against an improper or irrational verdict of the jury." *United States v. Grace*, 367 F.3d 29, 34 (1st Cir. 2004) (internal quotations omitted). As such, it would be "odd to suggest that trial judges must be given the opportunity with a Rule 29 motion to protect themselves from their own capriciousness." *Id.*

### Rule 33 of the Federal Rules of Criminal Procedure

"Rule 33 of the Federal Rules of Criminal Procedure provides that a Court 'may' grant a defendant's motion for a new trial after a guilty verdict 'if the interest of justice so requires.'"

3

*United States v. Young*, No. 12-CR-0042 (BAH), 2013 WL 12430550, at *4 (D.D.C. July 22, 2013); Fed. R. Crim. P. 33(a). In a motion for new trial, the defendant bears the burden to show that a new trial is justified by showing that a miscarriage of justice may have resulted. *Young*, 2013 WL 12430550, at *4. To find such a miscarriage, "[t]he evidence must preponderate heavily against the verdict." *United States v. Green*, 19-CR-00019 (RDM), 2022 WL 16961127, at *9 (D.D.C. Nov. 15, 2022). In contrast to a Rule 29 motion for judgment of acquittal based on insufficient evidence, a defendant seeking a new trial under Rule 33 asks the court "to determine that the state of the evidence is only 'marginally sufficient' such that it 'calls for a new trial in the interest of justice.'" *Young*, 2013 WL 12430550, at *4 (citing *United States v. Wiley*, 517 F.2d 1212, 1217 n.24 (D.C. Cir. 1975)).

**ARGUMENT**

Defendant fails to meet the burden for either a post-trial judgment of acquittal or a new trial. His constitutional claims echo the challenges he raised before trial and the middle of trial, and they do not reflect evidentiary insufficiency or a miscarriage of justice. Because the government presented ample evidence at trial to support the Court's findings, defendant's claims fail under either the Rule 29 or Rule 33 standard and the Court should deny his motion.

At trial, the government presented ample evidence about Taranto's gun-related offenses and the hoax charge. The government presented the livestream footage of defendant's false statements indicating that he intended to cause a car bomb to drive into the National Institute of Standards and Technology. Multiple FBI agents testified about law enforcement's response to the potential danger that defendant posed and their concern about a potential car bomb in a residential D.C. neighborhood. The testimony of other law enforcement agents, the physical exhibits, and the multiple images and videos firmly established that, on June 29, 2023, defendant possessed a

4

CZ Scorpion, an M&P pistol, and hundreds of rounds of ammunition in his backpack. The evidence also showed that defendant could open the backpack whenever he wanted and that he was carrying the pistols within the meaning of the D.C. statute. The evidence presented by the prosecution was much more than marginally sufficient to support the Court's finding that Taranto was guilty of the charged offenses. Under either the Rule 29 or Rule 33 standard, claims of insufficiency fail.

Taranto does not contest any of this and does not challenge the sufficiency of the evidence against him. Instead, defendant asserts that his actions were protected by the Second Amendment and leaves it up to the government and the Court to determine how these constitutional claims comprise "substantial error" within the meaning of Rule 33.[1] Def. Mot. at 2. Defendant argues that he must show that there was a substantial error and that the error affected his substantial rights, citing *United States v. Walker*, 899 F. Supp. 14, 15 (D. D. C. 1995). But he ignores the following sentence in the standard expressed in that case: "The *evidence* must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* (emphasis added). Defendant's post-trial assertions are completely divorced from any evidentiary claims that would meet the demanding standards required to obtain the relief he seeks.

Finally, defendant throws in an alternative request, asking for additional testimony "regarding the scope of the Second Amendment as applied." Def. Mot. at 5. Defendant cites no authority for re-opening a bench trial for additional testimony on a constitutional question and fails to explain how additional testimony would cure the error that he has failed to identify.

---

[1] To the extent that defendant is raising new constitutional claims that should have been raised before trial in a motion pursuant to Rule 12(b)(3)(B), his claims are untimely.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny defendant's motion for judgment of acquittal and deny defendant's request for a new trial or additional testimony.

          Respectfully submitted,

          Jeanine Ferris Pirro
          UNITED STATES ATTORNEY

By: */s/ Carlos A. Valdivia*
     CARLOS A. VALDIVIA
     DC Bar No. 1019242
     SAMUEL WHITE
     NC Bar No. 44908
     Assistant United States Attorneys
     601 D Street, NW
     Washington, D.C. 20530
     (202) 252-7508
     Carlos.Valdivia@usdoj.gov