**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | Case No.  23-cr-0229 (CJN) |
| v. * | |
| * | |
| **TAYLOR TARANTO,** * | |
| **Defendant.** * | |
| ******** | |

**REDACTEDNOTICE OF FILING EXHIBITS FOR PROBATION PETITION HEARING**

Taylor Taranto, by his undersigned counsel, hereby submits the following exhibits for the virtual hearing scheduled for January 5, 2026.

**A.    Exhibits Relating to Alleged Use of Controlled Substances.**

**Exhibit 1 – Relevant Text of 18 U.S.C. § 3583(d) (emphasis added)**

> **(d) Conditions of Supervised Release . . .** The court shall also order, as an explicit condition of supervised release, that the defendant refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least 2 periodic drug tests thereafter (as determined by the court) for use of a controlled substance. The condition stated in the preceding sentence may be ameliorated or suspended by the court as provided in section 3563(a)(4). *The results of a drug test administered in accordance with the preceding subsection shall be subject to confirmation only if the results are positive, the defendant is subject to possible imprisonment for such failure, and either the defendant denies the accuracy of such test or there is some other reason to question the results of the test. A drug test confirmation shall be a urine drug test confirmed using gas chromatography/mass spectrometry techniques or such test as the Director of the Administrative Office of the United States Courts after consultation with the Secretary of Health and Human Services may determine to be of equivalent accuracy. The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of [section 3583(g)](#) when considering any action against a defendant who fails a drug test.*

**Exhibit 2** – Email, dated January 5, 2026, from USPO stating that "the test is inconclusive and he should be retested again." The test referenced is the drug test administered by the US Probation Office on 11/17/2025, which forms the basis of Violation #1, Probation Petition filed 12/1/25 (ECF 167).

**Exhibit 3** – Toxicology Report from Psychiatric Institute of Washington (p 4) showing that test conducted on 11/18/2025 was not positive ("TNP") for "Marijuana Metabolite."

B.   **Exhibits Relating to Mental Health Treatment**

**Exhibit 4** – Screen shots of virtual therapy sessions [redacted]

C.   **Exhibit Relating to Petition (ECF 173)**

**Exhibit 5** – Email from USPO to Mr. Taranto dated 12/14/25 directing him to report to the Probation Office on 12/15/25.

Respectfully submitted,

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; 301-854-0076 (fax)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Response was served on all counsel of record via email on this 5th day of January 2026.

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**