UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

TAYLOR TARANTO,

    *Defendant*.

Criminal Action No. 1:23-cr-00229 (CJN)

**ORDER MODIFYING CONDITIONS OF SUPERVISED RELEASE**

On December 1, 15 and 30, 2025, the United States Probation Office filed Probation Petitions as to Taylor Taranto, alleging several violations of the terms of Taranto's supervised release. ECF Nos. 167, 169, 173. The Court held hearings on December 4, 2025, and January 5, 2026, at which Taranto was represented by counsel, to consider modifying the terms of Taranto's supervised release. *See* Fed. R. Cr. P. 32.1(c) ("Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.").

Under 18 U.S.C. § 3583(e)(2), the Court "may, after considering the factors set forth in [§§] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." For the following reasons, and based on the entire record in this matter, the Court modifies the terms of Taranto's supervised release as follows.

    **I.**    **Mandatory Conditions**

The mandatory conditions stated in the judgment, ECF No. 160 at 4, remain in force in their entirety:

    1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

4. You must cooperate in the collection of DNA as directed by the probation officer.

## II.     Standard Conditions

The Court imposes the following standard conditions of release (which are also included in the judgment entered on November 5, 2025):

1. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

2. You must not knowingly leave the federal judicial district where you are authorized to reside—that is, the Eastern District of Washington—without first getting permission from the court or the probation officer.

3. You must answer truthfully the questions asked by your probation officer.

4. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

5. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

6. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

7. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

8. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

9. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

10. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

11. You must follow the instructions of the probation officer related to the conditions of supervision.

### III.    Special Conditions of Supervision

The Court imposes the following special conditions of supervision:

1. Mental Health Assessment/Treatment.  You must participate in a mental health assessment and comply with any recommended treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

2. Cybercrime Management. You are ordered to participate in cybercrime management and will inform your officer of all computer devices possessed or accessible to you. This includes (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems.  You will not acquire or access any new or additional computer devices unless approved by your officer.  You will also inform your officer of all your computer device, internet service provider (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts.

3. ████████████████████████████████████████████████████████████████
████

4. ████████████████████████████████████████████████████████████████
████████████

5. You must not enter the U.S. Capitol grounds without express permission from either your probation officer or the Court.

6. You must not enter the grounds of the National Institute of Standards and Technology.

## IV.   Justification

The Court deems that the foregoing modifications comport with the relevant factors set forth in 18 U.S.C. § 3553.  Most relevant here, those factors require the Court to:

- consider "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1);

- "afford adequate deterrence to criminal conduct," § 3553(a)(2)(b); and

- "protect the public from further crimes of the defendant," § 3553(a)(2)(C).

The modifications adhere to the § 3553 factors because they seek to prevent Taranto from harming individuals and institutions that Taranto has threatened in the past.  The modifications are thus "reasonably related" to the normal sentencing factors. 18 U.S.C. § 3583(d)(1).  Further, they "involve no greater deprivation of liberty than is reasonably necessary" to achieve deterrence, protection of the public, and rehabilitation.  *Id.* § 3583(d)(2).

Accordingly, it is

**ORDERED** that the conditions of Taranto's supervised release are modified as set forth above; and it is further

**ORDERED** that Taranto's counsel shall ensure that Taranto receives a copy of this Order immediately.

**SO ORDERED.**

DATE:  January 8, 2026

_____
CARL J. NICHOLS
United States District Judge