**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **vs.** | * | **Case No. 23-cr-00229-CJN** |
| | * | |
| **TAYLOR TARANTO**, | * | |
| **Defendant** | * | |
| | * | |

**ooOoo**

**TAYLOR TARANTO'S RESPONSE TO**
**MAY 2026 PROBATION PETITION**

Taylor Taranto, by his undersigned counsel, hereby respectfully responds to Probation Petition filed on May 12, 2026, alleging Violation No. 6. As more fully set forth below, Mr. Taranto submits that the government has failed to prove the alleged violation.

The Petition alleges the following with respect to Violation No. 6:

> On or about May 1, 2026, in Richland, Washington, Mr. Taranto did not allow the probation office to gain access to his vehicle, in violation of Standard Condition No. 6. Evidence in support of this charge includes testimony of the USPO.

Petition at 3.

The sole allegation is that Mr. Taranto "did not allow the probation office to gain access to his vehicle." However, as the Court heard at the Preliminary Hearing held on May 21, 2026, the proffer made by Mrs. Taranto was that on May 1, 2026, she offered to provide access to the vehicle to the Probation Officer because Mr. Taranto was in the middle of a live-podcast when the USPO arrived at the home. The USPO declined the offer made by Mrs. Taranto. The government has not contradicted Mrs. Taranto statement on this point. The factual recitation in the Petition does not make any reference to the denial of access to the vehicle nor contradict Mrs. Taranto's proffered

statement.  *See* Petition at 8-9.

Throughout his visit to the Taranto home, the Probation Officer interacted with Mrs. Taranto, relying on her responses and assistance.  The vehicle is jointly owned by Mr. and Mrs. Taranto.  Mrs. Taranto's offer would have allowed the Probation Officer unfettered access to the vehicle to conduct whatever inspection he might have deemed necessary.  In offering the Probation Officer access to the vehicle, Mrs. Taranto was acting on her husband's behalf consistent with how the Probation Officer had interacted with her *vis a vis* the home visit while Mr. Taranto was broadcasting a live-podcast.  While the Probation might have preferred to have Mr. Taranto himself offer to unlock the vehicle and that might have been the better procedure to be followed, what took place during the home visit does not support a finding that "Mr. Taranto did not allow the probation office to gain access to his vehicle, in violation of Standard Condition No. 6" as alleged in the pending Probation Petition.  Mr. Taranto did not interfere with the offer made to the Probation Officer by his wife, acting on his behalf, to provide access to the vehicle.

**Conclusion**

For the reasons set forth above, Mr. Taranto submits that the government has failed to prove the alleged violation.  In any event, the Probation Recommendation of 157 days imprisonment with credit for the 150 days that Mr. Taranto "over-served" on his original sentence (*see* Recommendation at n.1)  is "greater, than necessary" to comply with the purposes of sentencing.  *See* 18  U.S.C. § 3583(e)(3); 18  U.S.C. § 3553(a).  During the entire prosecution of Mr. Taranto there is no evidence that mr. Taranto injured anyone or destroyed any property.  As the Court well knows, his conviction for a  making a "false hoax" did not involve any violence, or actual or explicit threats by Mr. Taranto or possession by him of any actual explosive materials.  While the Court rejected his First Amendment

defense, it is undisputed that Mr. Taranto is an active podcaster, an activity he has engaged in before, during and after the date of the charged "false hoax."

Moreover, Mr. Taranto is an honorably discharged veteran, married, father of two, with no prior convictions. He has been diagnosed with PTSD, derived from his military service and related mental health issues. For more than two years while detained at the DC Jail pretrial he did not receive adequate medical services. He served that time at the Central Detention Facility, which in November 2021, the United States Marshals found "do not meet the minimum standards of confinement" and were so deplorable and systemic failures so severe that it warranted "further examination by the Department of Justice Civil Rights Division."[1] Those deplorable conditions were not adequately remedied and continued throughout Mr. Taranto's pretrial detention.

Moreover, Mr. Taranto's supervision got off to a rocky start when Mr. Taranto was held overnight for three days at the Psychological Institute of Washington ("PIW"), when referred there by USPO Stallman. While the decision to hold Mr. Taranto overnight was made by PIW, not Mr. Stallman, the fact that Mr. Taranto was involuntarily detained for three days without any judicial process authorizing it has poisoned the term of supervision. The original claim of a positive drug test, which was later withdrawn based on a lack of adequate testing did not help matters.

Nonetheless, since he was released upon completion of his term of imprisonment, while there have been multiple petitions filed, Mr. Taranto has not committed any offenses, has continued to receive psychological counseling, is living with his wife and children in Washington State and is continuing to seek to resume his lawful life.

---

[1] November 1, 2021 Memorandum from Acting US Marshal Ruffin copied to then-Chief Judge Howell; November 2, 2021 Statement by US Marshal Service.

3

The government has failed to prove a violation.  A term of imprisonment is not merited nor authorized under § 3553(a) and § 3583(e)(3).

Respectfully submitted,

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391; chernan7@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the instant notice was served via ECF on all counsel of record this 8th day of June, 2026.

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**
