**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**TAYLOR TARANTO,**<br><br>**Defendant.** | **Case No. 23-CR-229 (CJN)** |

**RESPONSE TO PROBATION OFFICER'S MEMORANDUM**

Taylor Taranto, by his undersigned counsel, hereby respectfully responds to the Recommendation for Final Revocation Hearing (ECF 200, filed 9/10/26) filed by the Probation Officer that recommends that this Honorable Court find "Mr. Taranto violated the terms of his release conditions and revoke his term of supervised release." ECF 200 at 4.

First, Mr. Taranto respectfully responds that no violation has occurred because the Computer Disclosure form that he submitted to the Probation Officer (dated 8/7/26) truthfully disclosed that he abandoned all electronic equipment and email. That submitted form complies with the condition imposed by the Court that requires disclosure of devices "possessed or accessible" to him."[1] That submission is not a breach of the specified supervised release condition. Second, and separately, Mr. Taranto will move to modify the Cyber-Crime condition of Supervised Release imposed by the Court at sentencing pursuant to 18 U.S.C. § 3583(e)(2) on the ground that his offense (an open, public livestream) did not involve the internet in a secretive or fraudulent manner, undermining the "cybercrime" rationale for the condition as applied to him.

[1] Sentencing Tr (10/30/25) at 36.

## Factual Background

At Mr. Taranto's sentencing on October 30, 2025, this Court imposed the following condition of supervised release:

> You are also ordered to participate in cyber-crime management. You will inform your probation officer of all computer devices possessed or accessible to you. You will not acquire or access any new or additional computer devices unless approved by your probation officer.
>
> I am not going to impose the social media restrictions proposed by probation. That is to say, I'm requiring that you participate in cybercrime management, that you inform the probation officer of the computer devices that you possess or access, but I am not going to prohibit you from using, downloading or otherwise accessing social media.

Sent'g Tr (10/30/25) at 36.

On August 7, 2026, Mr. Taranto submitted to the Washington State Probation Officer a completed Computer Disclosure Form that the Probation Officer had directed him to complete. The completed form is attached as Ex. 1. The completed form responds to each of the various categories of requested information with a notation that states "n/a property abandoned." With respect to the "Social Media Accounts," the form states "n/a abandoned" and with respect to "Cloud Storage," the form states "n/a."

While the Recommendation for Final Revocation Hearing is several pages long, Mr. Taranto believes that the only open issues to be resolved by the Court are set out in the Joint Status Report filed by the parties on August 25, 2026 (ECF 195). The Joint Status Report states that after a successful home visit was conducted by the Probation Officer on Jule 11, 2026, "[t]wo outstanding issues remained." *Id.* at 1. Those issues are (1) the Gun Safe; and (2) the Computer Disclosure Form. *Id.* at 1-2.

**Mr. Taranto Has Complied with the Cyber-Crime Management Condition Imposed by the Court**

Under 18 U.S.C. § 3583(e)(3), before a court may revoke supervised release, it must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." The preponderance standard still requires the government to establish that the defendant willfully violated the specific violation alleged, not merely the fact of the underlying conduct. *See* United States v. Parker, 219 F. Supp. 3d 183, 184 (D.D.C. 2016) (as the defendant's use of medicinal marijuana "was not a *willful* violation of his supervised release . . . therefore defendant's term of supervised release shall not be revoked"). .

Here, the cybercrime management condition the Court imposed at sentencing requires Mr. Taranto to inform his officer of all computer devices possessed or accessible to him; truthfully reporting that he possesses no devices is compliance with the disclosure requirement, not a violation of it. The condition does not require Mr. Taranto to possess devices; it requires him to disclose what he possesses. A disclosure condition cannot logically be violated by disclosing the truth.

The due process fair-notice requirement articulated in *United States v. Stanfield*, 360 F.3d 1346 (D.C. Cir. 2004) requires that conditions be sufficiently clear to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. The court in *Stanfield* remanded an internet restriction for clarification because its scope was too ambiguous to evaluate, emphasizing that 18 U.S.C. § 3583(f) requires that conditions be set forth in a written statement that is sufficiently clear and specific to serve as a guide for the defendant's conduct. If the condition is now being interpreted to require Taranto to maintain devices — rather than merely to disclose what he has — that interpretation was not apparent from the condition's text and Taranto had no fair notice of it.

To the extent the Probation Officer is treating the abandonment as a violation of the participation requirement in the cybercrime management program, that theory requires the court to find that participation in the program mandates maintaining devices. But the condition's text does not say that. The condition says Taranto must participate in the program and disclose devices — not that he must acquire or maintain devices for the program to function. Interpreting the condition to require device possession would itself raise the question of whether such a requirement involves a greater deprivation of liberty than reasonably necessary under § 3583(d)(2), since it would effectively compel Mr. Taranto to acquire and maintain electronic equipment as a condition of his liberty.

Finally, although the Probation Officer suggests that the fact that Mr. Taranto emailed the Computer Disclosure form means that he still had access to an email account, it is a strained and interpretation that does not meet the willfulness standard as that is the last time Mr. Taranto has been known to use an electronic device to send email. He did so to comply with the Disclosure reporting imposed by the Court. In the same vein, although the Probation Officer initially noted that Mr. Taranto had posted on his Rumble account, undersigned counsel has been monitoring Rumble since that time and found no other postings, up to and including until the filing of the instant response.

**The Gun Safe Is Not Within the Custody and Control of Mr. Taranto**

With respect to inspection of the Gun Safe, the safe is not within the custody and control of Mr. Taranto. On the advice of independent counsel, his wife has determined that she is not required to allow the Probation Officers to inspect the Gun Safe. Mr. Taranto cannot be found in violation of a condition of supervised release when he has no control over the required condition.

WHEREFORE, for all these reasons, Mr. Taranto respectfully submits that he has not willfully violated the Cyber Crime Management Condition. The fact that he chose to abandon electronic devices does not amount to a violation. As Mr. Taranto has no control over the Gun Safe, his wife's decision to refuse inspection by the Probation Officers cannot result in a finding that he willfully violated that demand. Accordingly, he respectfully requests that the Court dismiss the Violation Notice.

Respectfully submitted,

/s/

**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that the instant notice was served via ECF on all counsel of record this 29th day of August 2026.

/s/

**Carmen D. Hernandez**