**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No.: 23-cr-229 (CJN)** |
| **v.** | : | |
| | : | |
| **TAYLOR TARANTO,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY RELEASE CONDITIONS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia files this Response to the Defendant's Motion to Modify His Release Conditions. ECF No. 204.

## I. BACKGROUND

The Probation Office has alleged that the Defendant has violated his release conditions multiple times resulting in numerous hearings concerning the terms of the Defendant's supervised release. *See* 08/26/26 Minute Order. The Defendant's non-compliance include violations of his cybercrime management condition. Specifically, on August 7, 2026, the Probation Office requested the Defendant fill out the standard cybercrime management form, but the Defendant returned the form advising that all his electronics are "abandoned property" and that he no longer has access to them. 08/24/2026 Probation Office Memorandum. However, the Probation Office noted that the Defendant posted a live stream on a social media account on August 14, 2026. Therefore, the Probation Office questioned the veracity of the Defendant's representation. *Id.* Now, the Defendant seeks removal of the cyber-crime management condition.

At sentencing on October 30, 2025, the Court ordered the Defendant "to participate in cyber-crime management. You will inform your probation officer of all computer devices possessed or accessible to you. You will not acquire or access any new or additional computer

devices unless approved by your probation officer." 10/30/2025 Sentencing Trans. at 36. As the Defendant acknowledged, the Court fashioned the release conditions to narrowly address the Defendant's offense conduct by omitting any social media restrictions on the Defendant. ECF No. 204 at n.2.

## II. **<u>LEGAL ANALYSIS</u>**

The government defers to the Court as to the ongoing appropriateness of the Defendant's cybercrime management condition. The government provides the following legal analysis to inform the Court's decision.

### A. **<u>The Condition Imposed is Tailored to Mr. Taranto's Conduct</u>**

The D.C. Circuit has held that computer monitoring is an appropriate supervised release condition. In *United States v. Smocks*, the D.C. Circuit held that computer monitoring conditions are appropriate where they "may deter future criminal conduct and protect public safety without unnecessarily infringing on free speech and privacy interests." No. 22-3087, 2024 WL 2468022, at *3 (D.C. Cir. May 24, 2024). There, the defendant was convicted of "sending threats in interstate commerce based on his social media posts." *Id.* at *1. The court upheld severe conditions including electronic monitoring software installed on the defendant's devices to track his computer history. *Id*. However, since the conditions did "not prevent [defendant] from generally using computers or the internet, and the condition does not otherwise restrict his speech [and] the condition is tailored[,]" the condition was upheld. *Id.* at *3.

The D.C Circuit does not require a computer to be used as a hidden instrument of deception for the Court to impose cybercrime management conditions. The Defendant argues that the Court must consider an additional factor that the D.C. Circuit has not specifically required: that the computer be used as an instrument of deception. That is incorrect. As *Smocks* plainly states, it is

sufficient that a defendant "use[] an electronic device to commit the offense of conviction," to impose electronic monitoring conditions. *Id.* at *3.

**B. <u>The Condition Imposed was Narrowly Tailored</u>**

The Court narrowly tailored the Defendant's supervised release conditions to address the Defendant's offense conduct. The Court must impose the least restrictive condition when weighing the defendant's liberty against the statutory purpose of the condition imposed. *United States v. Malenya*, 736 F.3d 554, 559 (D.C. Cir. 2013). Here, the Court applied that standard to the Defendant's offense conduct at sentencing.

The Defendant cites *United States v. Malenya* to argue that the Defendant's supervised release condition is an undue restraint on his liberty. 736 F.3d 554 (D.C. Cir. 2013). Notably, in *Malenya*, the District Court imposed conditions that forbid the defendant from "posess[ing] or us[ing] a computer or have access to any on-line service without the prior approval of the United States Probation Office." *Id.* at 557. Further, the Defendant was limited to one personal internet capable device and was subjected to random examinations of the computer system. *Id.* at 557-58. The D.C. Circuit rejected these conditions because they "[shrunk] . . . employment opportunities to the vanishing point" and were not "reasonably necessary" for any sentencing purpose. *Id.* The same cannot be said here.

Here, the Defendant's condition requires the Defendant to tell the Probation Office what electronic devices he has access to, and if he seeks to acquire a new device, then ask for approval. Moreover, the Court considered whether the condition was necessary at sentencing and determined that it deters future misconduct and protects the public.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the government defers to the Court.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: <u>/s/ *Samuel Deau*</u>
Samuel Deau
DC Bar No. 90042268
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Samuel.Deau@usdoj.gov